UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-699 |
| | : | |
| | : | *Sealed Filing* |
| JOCELYN DOR, | : | |

### MOTION IN OPPOSITION TO THE GOVERNMENT'S MOTION TO NUNC PRO TUNC EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Jocelyn Dor opposes the government's request to exclude time *nunc pro tunc* under the Speedy Trial Act. Mr. Dor does not revisit the facts here; he addresses the only legal issue before the Court: whether a Court may exclude speedy trial time *nunc pro tunc.* Case law make clear that the answer is no. A Court may not exclude time *nunc pro tunc*. Indeed, the United States Attorney's Office for the District of Columbia has conceded this legal issue in *United States v. Duong*, 21 Cr. 541 (PLF). *See* Docket Entry # 19, attached hereto at Exhibit A. *See also United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995).

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that a trial commence within 70 days of the indictment or arraignment thereon, whichever occurs later. 18 U.S.C. § 3161(c)(1). While the Act provides for the exclusion of certain periods from the computation of the 70-day limit where the Court finds that the ends of justice served by such exclusion outweigh the best interest of the public and the defendant in a speedy trial.

Time may not be excluded on the "ends of justice" rationale "unless the district court indicates *at the time it grants the continuance* that it is doing so" upon a balancing of the factors specified by section 3161(h)(7)(A). *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir.1985). *See also United States v. Oberoi*, 295 F. Supp. 2d 286 (W.D.N.Y. 2003). In *Oberoi*, the Second

Circuit again made clear that "a court may not grant an ends-of-justice continuance under section(h)(8)(A) nunc pro tunc. An ends-of-justice continuance must be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period." *Id.*

The reasoning for such a reading of the Speedy Trial Act is clear: an on-the-record contemporaneous finding ensures that "the required balancing was done at the outset," and it puts defense counsel on notice that the speedy trial clock has stopped, and it facilitates appellate review. *Id.* at 77-79. Here, no such finding of excludable delay was made at the outset by any Court – not by the Court in the district of arrest (Florida), nor by any Court in this judicial district.

The government could have sought (but did not seek) an exclusion from any Court simply by filing a motion for such an exclusion. The government could have filed a motion before the Chief Judge – but did not do so. Indeed, the government could have sought such a ruling before the Judge in the District of Florida and did not do so, even after a protracted bail hearing.

*Tunnessen*, *Oberoi*, and the other cases cited herein, all require a court to make contemporaneous ends-of-justice findings on the record at the outset. A court may not retroactively make findings and then use those belated findings to retroactively exclude time *nunc pro tunc*. Where, as here, the government chooses not to seek any exclusion, it may not later change its mind and try to apply the Speedy Trial Act retroactively. In this regard, the government's citation to subsection (B)(ii) is misplaced. That section enumerates the factors the court may consider but only after there has been a timely motion, not an after-the-fact motion as here.[1]

---

[1] Further, the government is wrong in contending time may be excluded, retroactively or otherwise, because of the parties' or the Court's schedule. As the Speedy Trial Act expressly states, "no continuance under subparagraph A of this paragraph shall be granted because of general congestion of the court's calendar. See, 18 U.S.C. § 3161 (7)(A)(C).

Dated:  January 18, 2022							Respectfully submitted,

/s/ *Sabrina P. Shroff,*
Assistant Federal Public Defender
Office of the Federal Public Defender
 For the District of Columbia
625 Indiana Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 208-7500

Counsel for Joceyln Dor